IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| JACK C. JENNINGS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 07-922-PK |
| | ) | |
| v. | ) | OPINION AND |
| | ) | ORDER |
| DEPARTMENT OF HOUSING AND | ) | |
| URBAN DEVELOPMENT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Jack C. Jennings moves to proceed in forma pauperis (#1). An examination of the application reveals that Jennings is unable to afford the costs of this action. Accordingly, Jennings' motion to proceed *in forma pauperis* is granted. This action may go forward without the payment of fees or costs.

However, for the reasons set forth below, in the event Jennings does not file an amended complaint within thirty days, curing the deficiencies noted below, Jennings' complaint (#2) should be dismissed pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief may be granted.

**BACKGROUND**

Jennings alleges, without specificity, that he has been the victim of harassment, coercion, discrimination, and violations of the Americans With Disabilities Act (the "ADA") and the Housing and Urban Development ("HUD") laws, among other, less easily cognizable violations. Jennings does not recite the factual underpinnings of any of his claims, nor does he state that he is subject to a disability within the meaning of the ADA. Jennings does not state which provisions of the HUD laws he alleges to have been violated.

Jennings' complaint lists twenty discrete defendants, some identified by first name only, specifically the Portland, Salem, and Seattle offices of the Department of Housing and Urban Development, the Portland Habilitation Center, seven present and past "representatives" of Portland Habilitation Center, the Senior and Disabled Services division of the Oregon Department of Human Services, a case manager of the Senior and Disabled Services division identified as Victor, a division manager identified as Mohammed, Housing and Community Services of Oregon, two "representatives" of Housing and Community Services, the Church of Latter Day Saints, and two persons apparently affiliated with the LDS church. Jennings does not describe the manner in which any defendant was involved in the alleged deprivations of his rights.

The complaint refers to monies Jennings is allegedly owed, and to leases in need of correction. The complaint provides no information as to how the alleged debts arose, or by whom or in what amount they are owed, nor does it indicate the parties to the referenced leases, or in what way they are in need of correction.

## LEGAL STANDARDS

In connection with *in forma pauperis* actions such as this, this court is obliged to dismiss *sua sponte* actions failing to state a claim upon which relief can be granted:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
> * * *
>
> (ii) fails to state a claim on which relief may be granted. . . .

28 U.S.C. § 1915(e)(2).

Dismissal pursuant to Federal Civil Procedure Rule 12(b)(6) for failure to state a claim should not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Kahle v. Gonzales*, 474 F.3d 665, 667 (9th Cir. 2007), *citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). "In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). In determining whether a complaint states a claim on which relief can be granted, the district courts must accept all of the allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *See Tanner v. Heise*, 879 F.2d 572, 576 (9th Cir. 1989).

In civil rights cases involving a plaintiff proceeding *pro se*, this court construes the plaintiff's pleadings liberally, and affords the plaintiff the benefit of any doubt. *See McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992) (overruled on other grounds) by

Page 3 - OPINION AND ORDER

WMX Tech., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1998); *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988). Before dismissing a *pro se* civil rights complaint for failure to state a claim, this court supplies the plaintiff with a statement of the complaint's deficiencies. *See McGuckin*, 974 F.2d at 1055; *Karim-Panahi*, 839 F.2d at 623-624; *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987). A *pro se* litigant will be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment. *See Karim-Panahi*, 839 F.2d at 623; *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

> Federal Civil Procedure Rule 8 provides that:
>
> A pleading which sets forth a claim for relief. . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8.

## DISCUSSION

In its current form, Jennings' complaint fails to state a claim on which relief may be granted. The complaint lacks even a minimal statement suggesting that Jennings could be entitled to relief from the named defendants with respect to any of the violations alleged.

As noted above, wherever possible a *pro se* plaintiff will be given leave to amend his or her complaint to cure its deficiencies. Here, Jennings' complaint is deficient in each of the following particulars:

- the complaint fails to contain a short and plain statement of the basis for jurisdiction in the district court;

• the complaint fails to contain a short and plain statement of the facts underlying Jennings' allegation that he has been subjected to unlawful harassment;

• the complaint fails to contain a short and plain statement of the facts underlying Jennings' allegation that some or all defendants have violated the ADA, including a statement that Jennings is subject to a disability for ADA purposes;

• the complaint fails to contain a short and plain statement of the facts underlying Jennings' allegation that he has been subjected to unlawful coercion;

• the complaint fails to contain a short and plain statement of the facts underlying Jennings' allegation that he has been subjected to unlawful discrimination;

• the complaint fails to contain a short and plain statement of the facts underlying Jennings' allegation that some or all defendants have violated the HUD laws, including a description of the manner in which the HUD laws are alleged to have been violated and a statement of the specific provisions alleged to have been violated;

• the complaint fails to contain a short and plain statement describing the involvement of each named defendant in each violation in which the defendant is alleged to have participated; and

• the complaint fails to contain a demand for judgment stating plainly each element of the relief Jennings seeks and from which defendants, including a description with specificity of the monetary damages and injunctive relief to which Jennings believes he is entitled.

In the event Jennings elects to pursue this action, this court finds that he must first amend his complaint to cure each of the above-noted deficiencies. As currently drafted,

Jennings' complaint does not state a claim on which relief can be granted, and the defendants, to the extent they can be identified, should not be required to expend time and other resources responding to it.

## CONCLUSION

For all of the foregoing reasons, plaintiff is directed to file an amended complaint, curing the deficiencies noted above, within 30 days of the date of this order. In the event that plaintiff fails to file such an amended complaint, this court will recommend that plaintiff's complaint (#2) be dismissed with prejudice for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2). In lieu of an amended complaint, plaintiff may move voluntarily to dismiss this action without prejudice. The summons, complaint, and any Local Rule 16.1(d) scheduling orders shall not be served on defendants until such time as plaintiff has filed an amended complaint free of the deficiencies noted above.

Dated this 26th day of July, 2007.

    /s/ Paul Papak
Honorable Paul Papak
United States Magistrate Judge